IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEBRA GARRETSON, et al.,**

      **Plaintiffs,**

**v.**                                 **Case No. 3:21-CV-01366-NJR**

**DR. REDDY'S LABORATORIES, Inc., et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion to Remand filed by Plaintiff, Debra Garretson. (Doc. 12). Defendants Dr. Reddy's Laboratories Inc., Walmart Inc., and Sam's West, Inc. also filed a Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation. (Doc. 5). For the reasons set forth below, the Motion to Remand is granted, and the Motion to Stay is denied as moot.

### BACKGROUND

From November 2017 to October 2019, Debra Garretson purchased and took ranitidine tablets to treat heartburn and acid indigestion. (Doc. 1-1). Garretson alleges that the ranitidine tablets contained a human carcinogen known as N-nitrosodimethylamine ("NDMA"). Garretson further alleges that she was diagnosed with bladder cancer on September 23, 2019—and that her cancer was caused by Defendants' ranitidine tablets. (*Id*.).

On September 23, 2021, Garretson filed a complaint against Defendants in the Circuit Court of the Third Judicial Circuit of Madison County, Illinois. (*Id*.). Garretson brings twelve claims: Strict Products Liability – Failure to Warn (against Manufacturer Defendants) (Count I); Strict Products Liability – Design Defect (against all Defendants) (Count II); Negligence – Failure to Warn (against all Defendants) (Count III); Negligent Product Design (against Manufacturer Defendants) (Count IV); General Negligence (against all Defendants) (Count V); Negligent Misrepresentation (against Manufacturer Defendants) (Count VI); Breach of Express Warranties (against all Defendants) (Count VII); Breach of Implied Warranties (against all Defendants) (Count VIII); Unjust Enrichment (against all Defendants) (Count IX); Negligent Storage and Transportation (Against Retailer Defendants Walmart and Walgreens) (Count X); Negligent Storage and Transportation (against Manufacturer Defendants) (Count XI); Loss of Consortium (against all Defendants) (Count XII).

On October 29, 2021, Walmart Inc. and Sam's West, Inc. ("Walmart") removed the case to this district court, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (Doc. 1). On November 5, 2021, Garretson, a citizen of Illinois, moved to remand the case back to state court because the joinder of Walgreen Co., Walgreens Boots Alliance, Inc., and Bond Drug Company of Illinois, LLC d/b/a Walgreens ("Walgreen Defendants"), allegedly citizens of Illinois, defeats complete diversity. (Doc. 12). Defendants filed a response in opposition to Garretson's Motion to Remand on November 12, 2021. (Doc. 14). Because the Court's subject matter jurisdiction is in question, the motion to remand must be resolved first. "Subject-matter jurisdiction

always comes ahead of the merits." *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007).

## DISCUSSION

A defendant may remove any case from state court that a plaintiff could have filed originally in federal court. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of demonstrating federal jurisdiction, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

A plaintiff may challenge removal by moving to remand the case back to state court. Remanding to state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013). Indeed, federal courts "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (7th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). District courts have subject matter jurisdiction only in cases that raise a federal-question and cases in which there is diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331–32. Unless Garretson's case falls into one of these two categories, the Court must remand.

Walmart removed the case under 28 U.S.C. §§ 1332(a), 1441, and 1446, alleging that this Court has subject matter jurisdiction under diversity. (Doc. 1). Walmart alleges the Walgreen Defendants are fraudulently joined, and thus they do not defeat diversity of citizenship. (*Id.*). Garretson argues the Walgreen Defendants are properly joined parties,

and there is no diversity of citizenship—thus remand is proper. (Doc. 12).

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

To establish fraudulent joinder, the removing defendant has the burden of proving the plaintiff cannot establish a cause of action against the in-state defendant. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Courts only assess whether the plaintiff's complaint provides a reasonable basis for recovery against an in-state defendant, not whether the plaintiff will ultimately be successful on the merits. *Asperger v. Shop Vac Corp.*, 524 F.Supp.2d 1088, 1096 (S.D. Ill. 2007). In reviewing such a claim, a court must construe "all issues of fact *and law* in favor of the plaintiff . . . ." *Morris*, 718 F.3d at 666 (quoting *Poulos v. NAAS Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)). Even if a state court may ultimately find a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of jurisdiction so long as the state law issue is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992). The defendant has the "heavy burden" of showing the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos,* 959 F.2d at 73.

I.      **Preemption**

The parties' dispute focuses on whether Garretson's claims against the Walgreen Defendants are preempted by federal law. But Defendants' preemption argument is a nonstarter when evaluating fraudulent joinder, because preemption is an affirmative defense. *See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013) (noting that "[f]ederal defenses to a well-pleaded complaint, such as preemption or preclusion, do not provide a basis for removal") (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478 (1998)); *Vill. of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 786 (7th Cir. 2008) (acknowledging that "[f]ederal preemption is an affirmative defense upon which the defendants bear the burden of proof, and we review de novo a district court's determination that federal law preempts a state law or municipal ordinance").

The Supreme Court is clear. "Impossibility pre-emption is a demanding defense." *Wyeth v. Levine*, 555 U.S. 555, 573 (2009). "[S]tate law failure-to-warn claims are pre-empted by the Federal Food, Drug, and Cosmetic Act and related labeling regulations *when there is 'clear evidence' that the FDA would not have approved the warning that state law requires.*" *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1676 (2019) (emphasis added). "The underlying question for this type of *impossibility pre-emption defense* is whether federal law (including appropriate FDA actions) prohibited the drug manufacturer from adding any and all warnings to the drug label that would satisfy state law." *Id.* (emphasis added). "And, of course, in order to succeed with that *defense* the manufacturer must show that the answer to this question is yes." *Id.* (emphasis added).

While "a judge, not the jury, must decide the pre-emption question[,]" *id.* at 1676, it is improper to answer this question at the complaint stage. *See, e.g. Levine*, 555 U.S. at 572-73 (finding that "[plaintiff] has offered no such evidence[,]" after completion of discovery); *Albrecht*, 139 S. Ct. 1668 (appeal resulted from district court's entry of summary judgment based on defendant's preemption argument). Defendants may contend that the Walgreen Defendants are not manufacturers of ranitidine tablets, and the above analysis is inapplicable to repackager or retailer defendants. This argument ignores the fact that two Supreme Court cases relied on by Defendants—*PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013)—involved manufacturer defendants, not retailer or repackager defendants. Ignoring *Albrecht*, but recognizing *Mensing* and *Bartlett* would be inaccurate, and Defendants have not provided any reasons to the contrary.

Additionally, even if the Court does not directly apply *Albrecht*, the Court is bound by the Supreme Court's jurisprudence on preemption. The Supreme Court is clear; preemption is a defense. Plaintiffs, like Garretson, are not required to plead around defenses, and the Seventh Circuit has acknowledged that "[r]esolving defenses comes after the complaint stage." *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Indeed, "the test for fraudulent joinder ... is a less searching test than the test under Rule 12(b)(6) .... In fact, a federal court may find that a nondiverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same nondiverse defendant, who will then be dismissed from the suit." *Hill v. Olin Corp.*, 2007 WL 1431865, at *4 (S.D. Ill. May 14,

2007) (quoting *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)) (citations omitted). Accordingly, the Court cannot disregard the Walgreen Defendants citizenship—meaning the parties are not diverse—and this Court lacks subject matter jurisdiction.

## II.   Common Defense Rule

Another basis for remand of this case is the "common defense" rule.[1] Under the "common defense" rule, the district court must remand if assessing the non-diverse defendant's chance of success forecloses the claims against diverse defendants. *See Walton v. Bayer Corp.*, 643 F.3d 994, 1001 (7th Cir. 2011) ("a plaintiff can defeat the fraudulent-joinder exception to the requirement of complete diversity of citizenship by proving that his claim against the nondiverse defendant is no weaker than his claim against the diverse defendants").

Walmart, a diverse defendant in the case, is allegedly a retailer. (Doc. 1-1). Like the Walgreen Defendants, Walmart would also use preemption as a defense. Thus, the common defense rule appears to apply Walmart.

Besides Walmart, Dr. Reddy's and the Manufacturer Defendants are diverse defendants, and would use the preemption defense. Defendants may point out that the "common defense" rule does not appear to apply because the claims alleged against the Walgreen Defendants and the Manufacturer Defendants are different. But "the common defense doctrine provides that when the *same argument* or defense defeats a plaintiff's

---

[1] Some courts refer to this as the common defense exception or common defense doctrine.

claim against diverse and non-diverse defendants that *argument* or defense may not be the basis for a fraudulent joinder finding." *In Re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 692 F. Supp. 2d 1025, 1034 (S.D. Ill. 2010), *aff'd sub nom. Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011) (emphasis added); *see also Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914) (finding that a ruling on fraudulent joinder was barred where such finding "manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants").

Here, the Walgreen Defendants' preemption defense involves the same *arguments* that would also defeat Garretson's claims against the Manufacturer Defendants. As shown above, both the Walgreen Defendants and Manufacturer Defendants would rely on the same Supreme Court cases on preemption, and the common-defense rule provides another basis for remand of this case.

## III. Implausibility

Walmart's final argument is implausibility. Not only would this be a common defense shared by Walmart, but also Walmart merely cites to *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 2685605 (S.D. Fla. June 30, 2021). The problem is that the *Zantac* order granted the retailer and pharmacy defendants' *motion to dismiss*. To reiterate, "the test for fraudulent joinder ... is a less searching test than the test under Rule 12(b)(6) .... In fact, a federal court may find that a nondiverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same nondiverse defendant, who will then be dismissed from the suit."

*Hill*, 2007 WL 1431865, at *4 (citations omitted). For these reasons, this argument fails.

CONCLUSION

For these reasons, the Motion to Remand (Doc. 12) filed by Plaintiff Debra Garretson is **GRANTED**. Defendants Dr. Reddy's Laboratories Inc., Walmart Inc., and Sam's West, Inc.'s Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation is **DENIED as moot**. This action is **REMANDED** to the Circuit Court of Madison County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:  November 16, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**